IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY H.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 581 |
| v. | ) | |
| | ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) | Maria Valdez |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Timothy H.'s claims for Child Disability Benefits and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 15] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On October 21, 2016, Plaintiff filed a claim for Child Disability Benefits based on disability. Plaintiff also filed a claim for SSI on November 18, 2016. In both applications, Plaintiff alleged disability beginning February 1, 2014. The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 19, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On January 30, 2019, the ALJ denied Plaintiff's claims for benefits, finding that he has not been under a disability under the Social Security Act from February 1, 2014 through the date of the decision. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of February 1, 2014. At step two, the ALJ concluded that Plaintiff had the following severe impairments:

syncope spells/postural orthostatic tachycardia syndrome (POTS); aortic valve insufficiency; bicuspid aortic valve; and aortic aneurysm. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: must avoid concentrated exposure to unprotected heights and moving or hazardous machinery. At step four, the ALJ found that Plaintiff has no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments

3

enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not

4

high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to

5

fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to account for Plaintiff's non-exertional deficits in the RFC assessment; (2) the ALJ improperly rejected Plaintiff's alleged symptoms; and (3) the ALJ improperly rejected treating source opinions and statements from Plaintiff's family members.

In advancing his first argument, Plaintiff contends, *inter alia*, that the ALJ's assessment of the so-called "paragraph B" criteria was deficient. The paragraph B criteria refer to a claimant's impairments in the four broad areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. In this case, the entirety of the ALJ's paragraph B analysis was as follows:

> As it relates to the claimant's mental impairments, he has the following
> degree of limitation in the four broad areas of mental functioning set out

6

> in the disability regulations for evaluating mental disorders and in the mental disorders listing in 20 CFR, Part 404, Subpart P, Appendix 1: no limitation in understanding, remembering, or applying information, no limitation in interacting with others, a mild limitation in concentrating, persisting, or maintaining pace, and no limitation in adapting or managing oneself. Because the claimant's medically determinable mental impairment causes no more than "mild" limitation in any of the functional areas, it is nonsevere.

(R. 25.) The Court agrees with Plaintiff that the ALJ's evaluation was inadequate.

When making "findings on the paragraph-B criteria . . . an ALJ is required to build an accurate and logical bridge from the evidence to his conclusion." *Cleotilde D. v. Saul*, No. 18 C 7224, 2021 WL 428823, at *4 (N.D. Ill. Feb. 8, 2021) (citation omitted). Generally, the ALJ must provide an "analysis of the Paragraph B criteria by evaluating each criterion separately and citing the evidence that supports the ALJ's conclusion." *Anthony G. v. Kijakazi*, No. 20-CV-7686, 2022 WL 2237133, at *2 (N.D. Ill. June 22, 2022). If an ALJ "believes that [a claimant's] Paragraph B limitations do not merit a non-exertional limitation in the RFC, the ALJ shall explain that conclusion in a way that a reviewing court may follow her reasoning." *Lawonda P. v. Kijakazi*, No. 20-CV-2573, 2021 WL 3418847, at *6 (N.D. Ill. Aug. 5, 2021) (citations omitted).

In this case, per the recitation above, the ALJ did not build the requisite logical bridge from the evidence to her terse conclusions that Plaintiff had no limitations in three of the functional areas and only a mild limitation in concentrating, persisting, or maintaining pace. The ALJ did not evaluate each criterion separately with supporting evidence, leaving this Court unable to meaningfully review her reasoning. The ALJ's errors in that regard require that

7

this matter be remanded. *See Cleotilde D.*, 2021 WL 428823 at *4 ("[T]he ALJ simply made conclusory paragraph-B findings without any analysis or explanation as to how or why he made them. This is an error requiring remand."); *Anthony G.*, 2022 WL 2237133 at *2 ("[T]he ALJ has failed to build an accurate and logical bridge between the evidence and his Paragraph B criteria conclusions, and the case must be remanded for an analysis that allows the Court to meaningfully review the ALJ's findings."); *Megan R. D. v. Saul*, No. 19 C 2553, 2020 WL 70937, at *2 (N.D. Ill. Jan. 7, 2020) ("Because the Court cannot trace the path of the ALJ's reasoning from the medical evidence to his conclusions with respect to [the paragraph B] criteria, this case must be remanded."); *Negron v. Colvin*, No. 15-CV-4156, 2017 WL 985642, at *8 (N.D. Ill. Mar. 14, 2017) ("Because the Court is unable to determine how the ALJ reached his paragraph B criteria ratings, the necessary logical bridge between the evidence and the ALJ's conclusions is missing.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all of Plaintiff's non-exertional impairments are properly accounted for, Plaintiff's alleged symptoms are properly assessed, and the treating source opinions are properly evaluated.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 15] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE:**    **September 6, 2022**

                                         **HON. MARIA VALDEZ**
                                         **United States Magistrate Judge**